IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JEROME CURTIS JEFFERSON, | ) | CASE NO. 10-80196-G3-13 |
| | ) | |
| Debtor | ) | |
| | ) | |

### MEMORANDUM OPINION

The court heard the "Motion To Extend The Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B) As To All Creditors" (Docket No. 19) filed by Jerome Curtis Jefferson, Debtor. After consideration of the motion, the Chapter 13 Trustee's opposition thereto, the evidence, testimony and argument of counsel, the court makes the following Findings of Fact and Conclusions of Law denying the motion. A separate Judgment will be entered in conjunction with this Memorandum Opinion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Jerome Curtis Jefferson ("Debtor"), doing business as J & D Forklift Repair, filed a voluntary chapter 13 petition on April 5, 2010. Prior to the instant filing, Debtor filed Case No. 08-80293-G3-13 (hereinafter referred to the "prior case") on June 25, 2008 and a plan was confirmed on April 7, 2009. On

February 2, 2010, the prior case was dismissed on the Chapter 13 Trustee's motion for failure to make plan payments. The instant case is Debtor's fourth chapter 13 bankruptcy proceeding although only the filing of the prior case affects the application of the automatic stay.[1] Debtor testified that the instant case and plan were filed in good faith and requests that the automatic stay be continued as to all creditors.

Debtor testified that he is self employed and repairs forklifts and other equipment and has been doing business as J & D Forklift Repair for approximately four years. Debtor testified that, in the prior case, he fell behind on the plan payments to the Chapter 13 Trustee because his business was slow. In Debtor's prior case, Schedule I reflects a monthly income of $2,700 per month. Case No. 08-80293-G3-13, Docket No. 1. Debtor alleges that he can now afford to make plan payments because, as of January 2010, his income increased to $3,500 per month. However, in the instant case, Schedule I reflects that Debtor's income is only $2,600 per month. Docket No. 1. The court notes that Schedule I was signed under penalty of perjury and filed with Debtor's instant petition on April 5, 2010. Debtor was

---

[1] Case No. 96-47770-G3-13 filed August 27, 1996 and dismissed on the Chapter 13 Trustee's motion on February 26, 1997. Case No. 08-80011-G3-13 filed January 15, 2008 and dismissed on the Chapter 13 Trustee's motion (for non-payment among other bases) on April 29, 2008. Case No. 08-80293 filed June 25, 2008 and dismissed on the Chapter 13 Trustee's motion (for non-payment) on February 2, 2010.

2

unable to explain the discrepancy in income other than to state that his wife does the accounting and she filled out the schedule.

Debtor's Schedule B, filed April 5, 2010, reflects that Debtor had $50 in cash, $24 in a checking account and that his wife's savings account was overdrawn by $1,500. Docket No. 1. Debtor testified that his "paperwork" or "work invoices" support the fact that since January 2010 his monthly income increased to $3,500 per month. Debtor did not produce any written evidence in support of the increase in income.

Debtor testified that he does not currently have a checking account. He testified that whenever he receives customers' payments, usually by check, he makes a copy of the checks and then cashes them. He then uses the money to pay all of his regular bills as those bills are received. Debtor testified that his March 2010 monthly income of $3,500 was used to pay past due utility bills and to make double payments on other bills that had gone unpaid during the prior case when his business decreased. Despite this, Debtor's Statement of Financial Affairs reflects that no payments were made to creditors within 90 days of the filing date of the instant case. Docket No. 1. Debtor testified that he did not know why no payments were listed.

Debtor offered no other evidence to support a showing

that the instant proceeding was filed in good faith or that he now has the ability to make payments and complete a plan.

### Conclusions of Law

Section 362(c)(3) of the Bankruptcy Code provides:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section--
>
> * * *
>
> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and
>
> (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--
>
> (i) as to all creditors, if--
>
> (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual

>was a debtor was pending within the preceding 1-year period;
>
>(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--
>
>>(aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
>>
>>(bb) provide adequate protection as ordered by the court; or
>>
>>(cc) perform the terms of a plan confirmed by the court; or
>
>(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--
>
>>(aa) if a case under chapter 7, with a discharge; or
>>
>>(bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and
>
>(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor.

11 U.S.C. § 362(c)(3).

The burden of proof for obtaining an extension of the

original 30-day period of the automatic stay is on the debtor. *See In re Charles*, 332 B.R. 538 (Bankr. S. D. Tex. 2005).

In the instant case, Debtor has filed an individual case under chapter 13 within one year after a preceding chapter 13 case was pending. With respect to the question of whether a presumption applies that the instant case was not filed in good faith, the prior case was dismissed within such 1-year period, after the debtor failed to perform the terms of a plan confirmed by the court. Thus, pursuant to Section 362(c)(3)(C)(i)(II), the court concludes that the presumption applies that the instant case was not filed in good faith.

Under Section 362(c)(3)(C) of the Bankruptcy Code, the presumption that a case is not filed in good faith may be rebutted by clear and convincing evidence. The only evidence submitted by Debtor that his monthly income had increased to $3,500 per month since January 2010 was his unsubstantiated testimony. The court approved Debtor's request to make plan payments by ACH (Docket No. 16), but as of the date of this Memorandum Opinion, the docket does not reflect that Debtor transmitted the necessary information to the Chapter 13 Trustee to implement the ACH. In the instant case, Debtor has failed to rebut the presumption that the case was not filed in good faith. The court concludes that the instant motion should be denied.

Based on the foregoing, a separate Judgment will be

entered denying the "Motion To Extend The Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B) As To All Creditors" (Docket No. 19) filed by Debtor.

Signed at Houston, Texas on this 14th day of May, 2010.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE